Abraham N. Goldman/Cal. State Bar #102080
David Springfield/Cal. State Bar #226630
ABRAHAM N. GOLDMAN & ASSOCIATES, LTD.
Post Office Box 120 / 12896 Rices Crossing Road
Oregon House, CA 95962
Tel.: (530) 692-2267
Fax: (530) 692-2543

Attorneys for all Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS NEWSOME, Individually, and as Successor-in-Interest to THEODORE HAYWARD JR., deceased<br><br>Plaintiff<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, as Governor of the State of California ; RODERICK Q. HICKMAN and JAMES E. TILTON, Secretary of the California Department of Corrections and Rehabilitation; and JAMES D. HARTLEY, Individually and as Warden of Avenal State Prison; ROBIN DEZEMBER, Director of CDCR Correctional Health Care Services, MEET BOPARAI, M.D.; and DOES 1 through 200, and each of them Inclusive,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS AND STATE LAW [42 U.S.C. §1983]<br><br>JURY TRIAL DEMANDED |

Plaintiff, DORIS NEWSOME, Individually and as Successor-in-Interest to the Estate of THEODORE HAYWARD, JR., deceased, ("THEODORE") complains and alleges as follows:

COMPLAINT                                1

# JURISDICTION

1. This Court has subject-matter jurisdiction over this federal question action under 28 U.S.C. §1331 and §1343 because it seeks, inter alia, damages under Title 42 U.S.C. §1983 and 1988 for violations of Plaintiff's and decedent's civil rights. This Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367. Further, this Court has jurisdiction because decedent, THEODORE HAYWARD, JR. was a member of the class certified by this Court in Plata v. Schwarzenegger ("PLATA"), Case No. C-01-1351-TEH and the issues involved in this matter directly relate to the health care reforms and access to health care in the California Department of Corrections and Rehabilitation ("CDCR") ordered and mandated by this Court pursuant to the class action and this Court's Orders in PLATA, and violations of those orders and mandates, causing injury to plaintiff, and, upon information and belief, others similarly situated, including other PLATA class members.

# VENUE

2. This Court is a proper venue for this action under 28 U.S.C. §1391(b)(2) because the claims alleged herein arose out of and are related to failures and violations of the health care reforms and access to health care in the California Department of Corrections and Rehabilitation ("CDCR") ordered and mandated by this Court pursuant to the class action and this Court's Orders in Plata, and by the actions and activities of the Receivership ordered by this Court, and violations thereof.

# FACTUAL ALLEGATIONS

3. This is a civil rights complaint with pendent state law claims arising from violations other unconstitutional acts and omissions, and violations of this Court's Orders in PLATA, resulting in the death of THEODORE, a 38-year-old black male incarcerated at Avenal State Prison ("ASP").

4. On May 19, 2007, THEODORE had a significant heart attack from a cardiac arrythmia while a prisoner at ASP, and died from this heart attack that day.

5. Prior to May 19, 2007, upon information and belief, starting on or about April, 2006, THEODORE and his doctors outside the CDCR'S Division of Correctional Health Care Service ("CHCS") had diagnosed THEODORE's heart condition and had on more than one occasion requested authorization from the CDCR, CHCS, Warden JAMES D. HARTLEY ("HARTLEY"), MEET BOPARAI, M.D. ("BOPARAI"), and/or one or more of Does 1-200 for placement of an "Automatic Implanted Cardiac Defribulator"("AICD"), which was medically necessary and ordered by THEODORE's doctors to prevent a fatal cardiac arrest.

6. Upon information and belief, defendants acted with deliberate indifference by withholding access to and necessary medical care and ignoring the requests of THEODORE's doctors by failing to provide access to and placement of the diagnosed and requested AICD, thereby acting with deliberate indifference to THEODORE's significant medical needs. These acts were a legal cause of death of THEODORE and the injuries alleged herein.

## THE PARTIES

7. During all times mentioned in this Complaint, Plaintiff DORIS NEWSOME ("DORIS"), was and is a United States citizen.

8. DORIS resides in the City of Fayetteville, Georgia. DORIS is the biological mother of decedent THEODORE and brings personal claims for herself and survival claims for THEODORE's estate pursuant to California Code of Civil Procedure §377.10 et seq., and also sues for wrongful death claims on behalf of herself.

9. At the time of THEODORE's death, upon information and belief, THEODORE died intestate, and DORIS was THEODORE's only surviving heir, and is entitled to bring an action for wrongful death under California State law.

COMPLAINT                                   3

10. Previously on or about September 12, 2007, DORIS caused to be filed, through attorney, David Springfield, a tort-claim, with the California Victim's Compensation and Government Claim Board, ("VCGCB"), No.G569886, for wrongful death for the death of THEODORE .

11. Upon information and belief, on or about October 16, 2007, the VCGCB denied Claim No. G569886, and informed DORIS's counsel in writing of that decision on or about October 22, 2007.

12. Upon information and belief, between through the date of filing this action, Claim No. G569886, neither the VCGCB nor any other California department or agency notified DORIS or her attorney, of any defect in the claim or of any actions needed to perfect it.

13. Defendant Arnold Schwarzenegger is and was the Governor of the State of California, and, as a party defendant in PLATA, was responsible for the policies and implementation of policies, and procedures and actions which are the subject of this case.

14. Defendants RODERICK Q. HICKMAN ("HICKMAN") and JAMES E. TILTON ("TILTON"), were during all times mentioned herein, the Secretary of the Department of Corrections and Rehabilitation employed by the State of California and acting in that capacity. As Secretary of the Department of Corrections and Rehabilitation, Defendants HICKMAN and TILTON were subject to the jurisdiction of this Court in PLATA and the PLATA Receiver, and were responsible for the promulgation of the policies and procedures and allowance of the practices and customs pursuant to which the acts alleged herein were committed, injuring plaintiff, THEODORE, and others similarly situated. Defendant HICKMAN is sued in his individual capacity, and TILTON in his individual and official capacity.

15. Defendant JAMES D. HARTLEY ("HARTLEY"), Individually and as Warden of ASP State Prison, was at all times mentioned herein, Warden of ASP

where THEODORE was incarcerated, and was responsible for the oversight of ASP, responsible for training and supervision of its employees and/or agents, as well as for the promulgation of policies, procedures and implementation of practices/customs pursuant to which the acts alleged herein occurred, causing injury to plaintiff, THEODORE, and, upon information and belief, others similarly situated.

16. Defendant MEET BOPARAI, M.D. ("BOPARAI"), was, upon information and belief, an agent or employee of the CDCR at ASP, who, upon information and belief, was responsible, in whole or in part, for the denial of access to health care and denial of the AISD involved in this action.

17. The true names and identities of Defendants DOES 1 through 200 are presently unknown to Plaintiff. Plaintiff alleges, upon information and belief, that each of the defendants DOES 1-50, and defendants BOPARAI and/or HARTLEY were employed by CDCR, CHCS, ASP, and/or some other agency or agent of the CDCR and/or the State of California. Plaintiff alleges upon information and belief that Defendants DOES 1-50, and defendants BOPARAI, and/or HARTLEY and each of them, were deliberately indifferent to the following as currently known: (1) THEODORE's access to health care, medical needs, and health and safety; (2) violated THEODORE's civil rights; (3) were deliberately indifferent, willful, malicious, reckless and/or negligent and treated THEODORE in violation of his civil and state law rights as described herein, resulting in THEODORE not receiving the AICD between April, 2006 and his death May, 2007. Plaintiff will seek to amend this complaint as soon as the true names and identities of Defendants DOES 1-50 have been ascertained.

18. The true names and identities of Defendants DOES 51 through 100 are presently unknown to Plaintiff. Plaintiff alleges on information and belief that each of the defendants DOES 51-100, and defendant BOPARAI and/or HARTLEY, were responsible for the training, supervision and/or conduct of

COMPLAINT                                    5

DOES 1-50 and any employees or agents of ASP involved in this Incident. Plaintiff alleges that Defendants DOES 51-100, and Defendant BOPARAI and/or HARTLEY and each of them, are responsible in some manner for the acts and injuries alleged herein. Plaintiff will seek to amend this complaint as soon as the true names and identities of Defendants DOES 51-100 have been ascertained.

19. The true names and identities of Defendants DOES 101 through 200 are presently unknown to Plaintiff. Plaintiff alleges on information and belief that each of the defendants SCHWARZENEGGER, HICKMAN, TILTON, HARTLEY and DOES 101-200 were and are responsible for the promulgation of policies and procedures utilized at CDCR, CHCS, ASP, or some other agency or agent of the CDCR and/or the State of California, pursuant to which the acts and injuries alleged herein occurred to plaintiff, THEODORE, and others similarly situated.. Plaintiff will seek to amend this complaint as soon as the true names and identities of Defendants DOES 101-200 have been ascertained.

20. Defendants, to the extent they engaged in any acts or omissions alleged herein, and unless otherwise indicated by this complaint, at all times, engaged in such acts and/or omissions under color of state law.

21. Plaintiff is informed and believes and thereon alleges, that at all times mentioned in this complaint, Defendants and each of them, were the agents, employees, servants, joint venturers, partners, and/or co-conspirators of the other defendants named in this complaint and that at all times each of the defendants was acting within the course and scope of said relationship with defendants.

22. As a result of the defendants' conduct alleged herein, THEODORE suffered injury and death, and plaintiff DORIS lost the lifelong love of her son, her constitutionally protected parental relationship, and suffered emotional distress and mental anguish. Plaintiff has also suffered pecuniary and non-pecuniary damages, including loss of society, companionship, comfort, care, solace and protection, as well as funeral expenses.

## EXHAUSTION OF PRE-LAWSUIT PROCEDURES

23. On or about September 12, 2007, DORIS filed a tort claim as a prerequisite to the state law claims alleged herein, with the California Victim Compensation and Government Claims Board. Plaintiff's tort claims were rejected on October 16, 2007, and notified DORIS' counsel, in writing, of that decision on or about October 22, 2007.

## FIRST CLAIM 42 U.S.C. §1983--<br>VIOLATION OF EIGHTH AMENDMENT<br>AGAINST ALL DEFENDANTS<br>BY PLAINTIFF<br>AS SUCCESSOR IN INTEREST

24. Plaintiff incorporates paragraphs 1-23 above and alleges as follows for her First Claim against all defendants and/or DOES 1-200, inclusive.

25. On or about April 2006, THEODORE, while an inmate at ASP, had a heart attack, and was transferred to and treated by non-CDCR physicians or agents at Fresno Community Hospital ("FCH").

26. THEODORE's doctors at FCH determined that, due to his heart condition, he required placement of an AICD, to prevent a potentially fatal heart arrhythmia/heart attack.

27. Upon information and belief, during April and May 2006, THEODORE's doctors from FCH requested authorization from defendants for placement of the AICD, but were refused and/or ignored.

28. Upon information and belief, after THEODORE returned to ASP in late April 2006, he informed the CDCR medical staff at ASP and other facilities of the diagnosis and order for an AICD by the FCH doctors, and requested approval of the same, through at least October 2006, and possibly through the time of his death in May 2007.

29. Upon information and belief, defendants denied and/or ignored THEODORE's requests.

COMPLAINT                                                             7

30. Upon information and belief, from April through May 2006, defendants were on notice of THEODORE's heart condition, and failed to take action to provide him with access to medical care and placement of an AICD.

31. These acts and omissions of deliberate indifference were a legal cause of all the injuries set forth above, including THEODORE's death, pain and suffering, loss of enjoyment of life, and other general and special danger.

32. The acts and/or omissions alleged above of the individually named defendants were malicious, reckless and/or accompanied with conscious disregard of plaintiff's rights, and, upon information and belief, these acts and omissions of denying access to health care have injured others similarly situated, thereby entitling plaintiff to an award of exemplary and punitive damages according to proof.

### SECOND CLAIM--42 U.S.C. §1983
### LIABILITY FOR CONSTITUTIONALLY DEFECTIVE POLICIES AND PROCEDURES AGAINST DEFENDANTS SCHWARZENEGGER, HICKMAN, TILTON, AND HARTLEY BY PLAINTIFF AS SUCCESSOR IN INTEREST

33. Plaintiff incorporates paragraphs 1-32 above and alleges as follows for her Second Claim against defendants SCHWARZENEGGER, HICKMAN, TILTON, HARTLEY and/or DOES 1-200, inclusive.

34. The aforementioned acts and/or omissions of the defendants in being deliberately indifferent to decedent's access to medical care, serious medical needs, health and safety and/or, in the alternative, protection and the violation of decedent's civil rights were the legal result of the policies, procedures and practices/customs of defendants SCHWARZENEGGER, HICKMAN, TILTON, HARTLEY, and one or more of DOES 1-200, as alleged herein.

35. Plaintiff is informed and believes and alleges that defendants SCHWARZENEGGER, HICKMAN, TILTON, HARTLEY and/or DOES 1-200 knew or in the exercise of reasonable care should have known, of the need for

COMPLAINT                                8

appropriate prisoner's access to medical care, and/or, in the alternative, medical care of prisoners at ASP. However, defendants failed to promulgate and implement appropriate policies and procedures in order to meet standards required by the Eighth Amendment, Orders entered by this Court in PLATA, and the rules and standards set by this Court's Receiver in PLATA.

36. By failing to promulgate and implement appropriate policies and procedures, these defendants, and all of them, encouraged, ratified and/or approved of the acts and/or omissions that resulted in a violation of decedent's constitutional rights.

37. These acts and omissions of deliberate indifference were a legal cause of the injuries set forth above, including injuries for wrongful death, and loss of enjoyment of life.

38. The aforementioned acts and/or omissions of the individually named defendants and/or Does 1-200 were malicious, reckless and/or accompanied with deliberate and/or conscious disregard of decedent's rights, thereby entitling plaintiff to an award of exemplary and punitive damages according to proof.

**THIRD CLAIM--42 U.S.C. §1983
FAILURE TO TRAIN/SUPERVISE
CAUSING CONSTITUTIONAL VIOLATION
AGAINST DEFENDANTS HICKMAN, TILTON, HARTLEY
BY PLAINTIFF AS SUCCESSOR IN INTEREST**

39. Plaintiff incorporates paragraphs 1-38 above and alleges for her Third Claim against defendants HICKMAN, TILTON, HARTLEY, and/or DOES 1-200, inclusive, as follows.

40. The aforementioned acts and/or omissions of the defendants in being deliberately indifferent to decedent's serious medical needs, health and safety and/or in the alternative, protection and the violation of decedent's civil rights were due to the failure of defendants HICKMAN, TILTON, and HARTLEY and DOES 1-200, to properly train and supervise their employees and/or agents.

41. These acts and omissions of deliberate indifference were a legal cause of the injuries set forth above, including injuries for wrongful death, and loss of enjoyment of life, to THEODORE, and other similarly situated.

### FOURTH CLAIM
### WRONGFUL DEATH (CALIFORNIA STATE LAW CLAIM) AGAINST ALL DEFENDANTS BY PLAINTIFF, PERSONALLY

42. Plaintiff, incorporates paragraphs 1-41 above and alleges as follows for her Fourth Claim against all defendants and DOES 1-200, Inclusive.

43. One or more of the aforementioned willful, intentional, malicious, reckless, deliberately indifferent, and/or negligent acts and/or omissions, individually, collectively or in the alternative, of the individually named defendants, and/or DOES 1-200, including but not limited to their failure to provide access to medical care and/or appropriate medical care to decedent, and/or, in the alternative, the other acts and omissions to prevent this incident, was a legal cause of the wrongful death of THEODORE.

44. These acts and omissions were a legal cause of the wrongful death of THEODORE and DORIS has suffered injuries and damages as allowed by law.

### FIFTH CLAIM--42 U.S.C. §1983
### VIOLATION OF CONSTITUTIONAL RIGHTS AGAINST ALL DEFENDANTS BY PLAINTIFF, INDIVIDUALLY

45. Plaintiff realleges and incorporates paragraph 1-44 for her Fifth Claim against all defendants.

46. Because the acts and omissions set forth above were a legal cause of THEODORE's death, DORIS was deprived of her family rights and parent-child relationship, and/or other rights guaranteed to her under the First and Fourteenth Amendments of the United States Constitution.

///
///

47. Defendants' actions and omissions were done recklessly, intentionally, knowingly, maliciously and/or with deliberate indifference to DORIS' constitutional rights and/or the significant probability of substantial harm to her.

48. These acts and omissions were a legal cause of injury and general and special damages to DORIS.

### PRAYER

Plaintiff prays for Judgment in her favor against defendants as follows:

1. For compensatory, general and special damages against each defendant, jointly and severally, in the amount proven at trial;
2. For punitive and exemplary damages against each defendant in an amount appropriate to punish defendants and deter others from engaging in similar misconduct, as allowed by law;
3. For costs and reasonable attorneys' fees as provided by law, including but not limited to 42 U.S.C. §1988;
4. For any other relief as may be just and proper, including appropriate injunctive relief to prevent similar incidents from causing unconstitutional injury and harm to inmates, such as THEODORE, family members, such as DORIS, and current and/or future violations of this Court's orders and decrees in PLATA, the rules and actions of the PLATA Receiver appointed by this Court, and the implementation thereof, and the requirements of the Eighth Amendment.

Respectfully submitted          ABRAHAM N. GOLDMAN & ASSOCIATES, LTD.

Date: April 17, 2008

_Abraham N. Goldman_ (signature)
Abraham N. Goldman, Attorney for Plaintiff
David Springfield, Attorney for Plaintiff
DORIS NEWSOME, Individually and as Successor in Interest to the Estate of THEODORE HAYWARD, deceased

COMPLAINT                                   11